**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| NAPLETON AUTO WERKS, INC.,    ) | |
|                       ) | |
| Plaintiff,              ) | |
|                       ) | |
| vs.                      ) | NO. 2:06-CV-160 |
|                       ) | |
| AUTOMOBILE MECHANIC'S LOCAL    ) | |
| NO. 701, et al.,          ) | |
|                       ) | |
| Defendants.            ) | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Emergency Motion From an Unconstitutional Order of the Superior Court of Lake County, Indiana, filed by Defendants on April 25, 2006.  For the reasons set forth below, this motion is **DENIED**.

<u>BACKGROUND</u>

On April 25, 2006, Defendants, Automobile Mechanics' Local No. 701, Dennis Jawor, Dan Phillips, Steve Popovich, David Mullin, Robert Lessman, Thomas Gregg, Kenneth Mallette, and John Doe(s), removed this case from the Superior Court of Lake County.

The underlying state court action was initiated by Plaintiff, Napleton Auto Werks, Inc., on April 20, 2006.  According to the allegations of the complaint, Plaintiff is engaged in the sale and repair of automobiles and trucks.  Local No. 701, through its union

membership, has been engaged in picketing at Plaintiff's premises since March 23, 2006.   Along with the filing of the complaint, Plaintiff filed a petition seeking a temporary restraining order barring Defendants from coming within 1,000 yards of its primary place of business in Schererville, Indiana.

In the early part of April 21, 2006, Judge Gerald N. Svetnoff, held an evidentiary hearing and later that day, entered a temporary restraining order ("TRO") against Defendants.   The TRO is scheduled to expire on May 2, 2006.

Defendants have filed the instant motion pursuant to Title 28 U.S.C. section 1450, seeking emergency relief from Judge Svetnoff's order, which Defendants assert is unconstitutional.


DISCUSSION

"Whenever any action is removed from a state court to a district court of the United States, . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."   28 U.S.C. § 1450.   Simply put, once a case is in federal court, the state court orders issued prior to removal remain binding until they are set aside.   *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974).

The purpose of section 1450 is to prevent a break in the force of an injunction or a restraining order that could otherwise occur

-2-

when jurisdiction is transferred from state to federal court.  *Id*.
at 437.   Consequently, the statute facilitates the federal court's
taking the case up "where the state court left it off."  *Id*.   The
federal court accepts the case in its current posture "as though
everything done in state court had in fact been done in the federal
court."  *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937).
Ultimately, judicial economy is promoted by eliminating the need for
duplicative proceedings in federal court, and the parties' rights are
protected by the continuation of the effect of the injunctions and
orders.  *Granny Goose*, 415 U.S. at 435-36.

   With that said, "once a case has been removed to federal court,[1]
its course is to be governed by federal law, including the Federal
Rules of Civil Procedure."  *Id*. at 441.   Rule 65(b) establishes a
procedure whereby a party can modify or dissolve a TRO; however, it
only applies when the party against whom a TRO has issued did not
receive notice.

   In the instant motion, Defendants complain that the TRO entered
by Judge Svetnoff is inappropriate in a number of substantive regards.
Defendants claim the provisions of the TRO are vague, overbroad, runs
afoul of their First Amendment rights and also violates section 7 of
the National Labor Relations Act, 29 U.S.C. section 157.   The Court
will not grant Defendants' motion predicated on these substantive

---

   [1]For purposes of the instant motion, the Court assumes
removal to be valid.

-3-

complaints in the current context.  It appears Defendants had the opportunity to present each of these arguments to Judge Svetnoff during the evidentiary hearing.  A decision on the merits of the petition for a TRO has already been performed and, under the principles of section 1450, will not be revisited by this Court *de novo*.  Under section 1450 – the only procedural mechanism Defendants cite – this Court's limited function is to determine whether or not to modify or dissolve the issued TRO.  Again, under Rule 65(b), the modification or dissolution of a TRO must be accompanied with the fact that the party whom which the TRO was issued against did not receive notice of the TRO.  There is no claim by Defendants, nor is it evinced in the record, that the TRO was issued *ex parte*.  Therefore, based upon the record before it, the Court will not modify or dissolve the TRO.

Defendants also complain that the injunctive effect cannot last until May 2, 2006, as stated in the TRO.  Defendants cite the Indiana Anti-Injunction Act to support the proposition that the TRO remains valid only through April 26, 2006.  As Defendants have removed this case, federal law now applies and the Indiana Anti-Injunction Act is not implicated.  Nevertheless, under section 107 of the *Norris-LaGuardia* Act, 29 U.S.C. section 101 *et. seq.*, TROs issued *ex parte* are only valid for five days.  Again, however, Defendants have failed to allege they did not receive notice of the evidentiary hearing or TRO.  Therefore, this provision is without consequence.

The removal in this case, in conjunction with the filing of the instant "emergency" motion, can reasonably be interpreted as legal jockeying in an attempt to manipulate section 1450 for immediate tactical advantage – a use at odds with the purpose of section 1450. Indeed, the instant motion is seemingly nothing more than an attempt to have another bite at the initial injunction hearing.  Surely, Defendants will be able to pursue their arguments in the preliminary injunction phase.

CONCLUSION

For the reasons set forth above, this motion is **DENIED.**

DATED:  **April 26, 2006**                     **/s/RUDY LOZANO, Judge**
                                            **United States District Court**